IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

    Plaintiff

v.

CARL A COURTRIGHT, III

    Case No. 07-cr-30179-DRH

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court is Defendant's Motion to Reopen Pretrial Motions Filing and to Continue Trial (Doc. 75). Counsel asserts he is reformatting a motion provided to him by his client. The principal claim is that counsel has had an inadequate time to prepare for trial, despite his entry of appearance on September 25, 2008. He claims to have been "inundated" with previously undisclosed discovery within the last two weeks, a twenty-two page trial brief, and a second superceding indictment. Moreover, one month ago he received one hundred and fifty pages of discovery from prior counsel. Defense counsel alludes to his lack of success in the recent hearing on suppression issues and the Court's ruling on timeliness issues on another suppression attempt. Defendant has apparently expressed some concern about his lawyer's effectiveness, in light of the Court's ruling at the aforementioned

hearing when commenting on the lack of a record from a medical expert about the pharmacological effect of the medicines consumed by the Defendant to support the assertions by the defense at that hearing. Counsel feels he needs to "purge" any possible ineffectiveness from the record and to do that he needs to file an additional motion to suppress, along with additional time to prepare for trial.

        The Government counters (Doc. 76) by letting the Court know that the only discovery it recently produced is information that has been gleaned in preparation for trial and the transcripts of the Defendant's jailhouse calls. No new witnesses have been added. Further, the second superceding indictment adds nothing to the case and is nothing more than a technical alteration of the preceding charging instrument. The Government argues that the Defendant cannot win the day on the suppression issues under any circumstances and to reopen the motion schedule not only violates the issue of tardiness but completely lacks merit. The Government further argues that the well known **Strickland** standard is met because the Defendant has not been deprived of any substantive or procedural rights, the searches were clearly sound and, although it is not argued specifically, presumably his statements were well within constitutional bounds. ***Strickland v. Washington*, 466 U.S. 668 (1984)**. Moreover, the Government defends the filing of its trial brief as a mere courtesy to the Court and an explanation of terms and legal issues, but certainly not a vehicle to raise new issues. Lastly, the Government also points out the interests of the alleged victim who "feels somewhat tortured" when the trial has

been continued in the past, and the case was continued four times. The "victim" is said to "long" for the day that she can put the case behind her.

## II. DISCUSSION

One thing is clear from the outset, Defendant and his counsel have had ample time to prepare for trial. Obviously, the Defendant has been involved in the case longer than his current counsel. He was indicted on November 15, 2007 and made his initial appearance thirteen days later. Mr. Courtright did not like his first lawyer, one of the assistant federal public defenders, so that counsel was replaced. The next lawyer was forced to withdraw due to a change in his employment arrangement and his present lawyer was assigned from the CJA Panel, entering his appearance on September 25, 2008. The record reflects that he has been actively involved in the defense of Mr. Courtright since that time.

Counsel requested an extension of time to file a motion to suppress and an extension was granted to file "said motion" until December 8, 2008. (Doc. 42) Thereafter, without interference from the Court or objection from the Government, the Defendant filed two motions to suppress on December 12th and two on December 14th. When the Defendant attempted to file another on February 6, 2009, the Court intervened, at the request of the Government, and struck the motion as untimely (this one well beyond the December 8th extended cutoff date). (Doc. 64).

This case is unusual as past cases go, but hopefully will be typical for future cases, as the Defendant was videotaped giving two statements to law enforcement officials. Consequently, the primary issues about which the Defendant

complains are in the open and clear for all to judge. Even the issue which the Defendant is apparently suggesting may give rise to an ineffective assistance of counsel claim can easily be dispelled in looking at the digital reproductions of his statements to law enforcement agents. As the Court's findings at the conclusion of the suppression hearing revealed, there was nothing about the Defendant's appearance, demeanor, manner of speaking, language, attitude or deportment in any way to cause one to believe that medication or the actions of law enforcement deprived the Defendant of his free will to choose whether to speak or not and of what he was discussing. He clearly stated he understood his rights and at the start of the second of the statements said that even though he had talked to a lawyer he wanted to talk; if something came up that he felt he should remain silent about, he would. He was talkative, but he clearly was such due to his motivation to avoid being charged, as he kept trying to convince the detectives that many persons had access to his computers. Defendant's thoughts were organized and he was able to stay on message – appropriately answering the detectives' questions and clearly understanding the implications as he made attempts to logically explain away his culpability. He made admissions but clearly attempted to minimize his culpability.

  Even though the Defendant is sophisticated in legal matters and has experience in matters of criminal justice, which was clearly evident on the video, it is not at all unusual, in the experience of this jurist, for a Defendant to begin second guessing his lawyer after the loss of a motion or two, especially if he has convinced himself that he has to win them. It is not unusual to pick out a "sound bite" or two

from a ruling and seize on it as his justification for believing his lawyer has failed him and is ineffective. This time it was the Court's statement that there was nothing in the record, for example, medical expertise, to back the Defendant's theory. What the Defendant likely failed to hear was the Court's following language to the effect that the Court doubted there was even such expert testimony attainable. Though the Court did not consider it in making his ruling, the Court accessed the Physician's Desk Reference ("PDR") during the hearing to learn about the drugs taken by the Defendant. Further, the Court was able to speak to the uses of Topamax™ and Imitrex™, having had personal experiences with those drugs. Understanding drugs affect people differently, and not transferring personal experiences to the Defendant, and only going by the record, the Court ruled based on the evidence in the record. However, it is not likely from what this Court observed of the Defendant on the DVDs, what he learned from the PDR and knows from personal experience, that this Defendant will, as a collateral matter, be able to demonstrate that counsel was ineffective. It is unlikely, the Court asserts, the Defendant will be able to show that medical expertise was attainable to prove that the medicine he took that day, without food at one point, caused his will to be overborne by law enforcement such that he gave a statement he otherwise would not have or said things he would not otherwise have said, thereafter, leading to a second statement since he had already given the first "medically coerced" statement.

The Court is quite sure that if it kept the trial at bay and kept the record open for motions *ad nauseum,* Mr. Rosenswank and Mr. Courtright could think of

issues to attack and matters for the Court to rule on. There is a reason to set time limits and a better reason to stick to them. The point is, would the issue have merit or would they lack merit just as the former motions did? Which brings the Court to the next point.

Mr. Courtright is not the only beneficiary of the Speedy Trial Act. **18 U.S.C. § 3161**. So is the public and so is the alleged victim in this matter. ***See United States v. Kamel*, 965 F.2d 484, 498 (7th Cir. 1992) ("Under the Speedy Trial Act . . . the government, in advancing the public interest, has an equal right with a defendant to obtain the prompt disposition of a criminal prosecution.")**. The Government has pointed out the difficulties to the alleged victim. There have been inadequate reasons suggested by the Defendant for the Court to find that justice requires a further delay of this trial; a delay that would prejudice the alleged victim and the public.

It is clear that the discovery issues raised by Defendant's counsel are inadequate to cause a delay. Likewise, for the trial brief and the new indictment. While the second superceding indictment adds a new count, it is more of the same regarding possession and the Court takes the Government at its word that it adds no new evidence since the dates cover the same period of time. Without, viewing the evidence, it is presumed that the two counts simply separate the evidence in ways not performed by the previous indictment. None of the matters raised by the defense bring up new issues, new witnesses or new concerns, unless the Defendant's jail

transcripts do so.  If the latter is of concern, frankly, that is of the Defendant's making and he failed to point that out, first of all.  Secondly, the Court fails to see, when weighing Defendant's interests against the public's right to a speedy trial (together with the alleged victims rights), that such concerns prevail.  None of the issues raised by Defendant will rise to the level of sufficient justification to cause this case to be continued from its trial setting.

The defendant is not entitled to a continuance as a matter of right.  The Court has considerable discretion in making its determination about whether to grant or deny Defendant's motion.  **See *United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006) (citing *United States v. Taylor*, 196 F.3d 854, 860 (7th Cir. 1999))**.  The Court does not take its obligation in this regard lightly and carefully weighs the competing rights and interests of all concerned.  As the Defendant pointed out in his Motion, he has a great deal at stake.  If the Court believed that additional time would *clearly* make a difference in the Defendant's ability to mount a defense in this case, the decision would be easy and the Court would without question grant a continuance.  On the other hand, if the Court determines that, as here, Defendant's Motion has no merit, but is truly meant to waste time, is detrimental to the public's interest to a speedy trial, and is of virtually no value to the Defendant, the decision is an easy one to the contrary.  **See *United States v. Aviles*, 623 F.2d 1192, 1196 (7th Cir. 1980)**.

## III.  CONCLUSION

For the reasons as discussed herein, Defendant's Motion to Reopen Pretrial Motions Filing and to Continue Trial (Doc. 75) is hereby **DENIED**.  Trial shall proceed as scheduled for Monday, March 2, 2009.

**IT IS SO ORDERED.**

Signed this 24th day of February, 2009.

/s/        *David R Herndon*

**Chief Judge**
**United States District Court**