IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 07-CR-30179-DRH |
| | ) | |
| CARL A. COURTRIGHT III, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO PROTECT
PRIVACY OF CHILD WITNESSES AND VICTIM-WITNESSES**

The United States of America, by and through Assistant United States Attorney Nicole E. Gorovsky and Trial Attorney James A. Silver, hereby moves the Court to adopt certain tailored procedures intended to protect the privacy of children who will testify at trial about defendant's sexually abusive behavior.

**I.    Anticipated Child Witnesses.**

The United States anticipates that at least two minors will testify at trial in the government's case-in-chief about defendant's sexually abusive behavior. One of these minors will be describing her own sexual abuse at the hands of defendant.

**II.   Child Victims' and Child Witnesses' Rights.**

18 U.S.C. § 3509 ("Child victims' and child witnesses' rights") sets out various measures a court may take in order to protect the privacy of child victims and witnesses in criminal cases. Among other measures, the section requires the United States, the Court, defendant and the jury to secure all documents disclosing the name of or any other information concerning a child, § 3509(d), and for certain reasons such as the child's emotional trauma or fear, permits child witnesses to testify

1

via live 2-way closed circuit television, § 3509(b)(1), or in a closed courtroom. § 3509(e). Furthermore, pursuant to § 3509(d), the Court may issue an order protecting a child from public disclosure of the name or of any other information concerning the child in the course of the proceedings, if the Court determines that there is a significant possibility that such disclosure would be detrimental to the child.

**III.     The Privacy Protections Proposed by the United States.**

After conferring with the child witnesses in this case, the United States believes that the children will be able to testify effectively, if not comfortably, in open court. The United States also notes the constitutional difficulties that arise, not only out of the Sixth Amendment, but also from the First Amendment, in connection with closing the courtroom, and neither seeks leave to close the courtroom nor allow for out-of-court testimony. However, the United States suggests that the Court adopt the following measures in a tailored effort to balance the value of an open proceeding with the privacy of these children.

**A.     Use of Initials Only to Identify Child Witnesses.**

The United States proposes that the child witnesses in this case be identified only by their initials. This will allow for an open courtroom, as well as the protection of the child witnesses' identities. The parties and the Court would thus make every effort to not use the child witnesses' names, whether during opening statements, the trial itself, closing arguments, in written motions, or at other times, and the Court would direct the court reporter to ensure that any inadvertent mention of the child witnesses' names be stricken from the record. The jury may be provided with a legend explaining the full name of each child, to prevent any confusion.

**B.    Issuance of Protective Order and Instruction Before Child's Testimony.**

The United States requests that the Court issue a protective order prohibiting the parties, including any investigators, paralegals, and any other individuals working in connection with this case from releasing to anyone, including members of the press, the identity or any identifying information of the child witnesses. *See, e.g., United States v. Kelly*, 07-CR-374 (SJ), 2008 U.S. Dist. LEXIS 98988 (E.D.N.Y. Jul. 10, 2008). The United States further requests that the Court, before any testimony by a child witness, reiterate its order for the benefit of those in the gallery, who may be present during what will likely be inadvertent use of the child witnesses' names.

        Respectfully submitted,

        A. COURTNEY COX
        United States Attorney


        *s/Nicole E. Gorovsky*
        NICOLE E. GOROVSKY
        Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, Illinois  62208
        (618) 628-3700  Telephone
        (618) 628-3772  Facsimile
        E-mail:  nicole.gorovsky@usdoj.gov

        *s/James A. Silver (with consent)*
        JAMES A. SILVER
        Trial Attorney, Child Exploitation and
          Obscenity Section
        Criminal Division, U.S. Department of Justice
        1400 New York Avenue NW, Suite 600
        Washington, DC 20005
        (202) 353-2057 Telephone
        (202) 514-1793 Facsimile
        E-mail: james.silver@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  07-CR-30179-DRH-DGW |
| | ) | |
| CARL A. COURTRIGHT III, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on February 25, 2009, I caused to be electronically filed **GOVERNMENT'S MOTION TO PROTECT PRIVACY OF CHILD WITNESSES AND VICTIM-WITNESSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Jeffrey Rosanswank: jeffrey@semocriminallaw.com

and I hereby certify that on February 25, 2009, I caused to be mailed by United States Postal Service, the document(s) to the following non-registered participants:

None

    Respectfully submitted,

    A. COURTNEY COX
    United States Attorney


    *s/Nicole E. Gorovsky*
    NICOLE E. GOROVSKY
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    (618) 628-3700
    Fax:  (618) 628-3772
    E-mail: nicole.gorovsky@usdoj.gov