# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 07-CR-30179-DRH |
| CARL A. COURTRIGHT III, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2 WITH RESPECT TO CERTAIN PROPERTY OF CARL A. COURTRIGHT, III

**HERNDON, Chief Judge:**

In the Second Superseding Indictment filed in the above cause on February 18, 2009, the United States sought forfeiture of certain property. The Court, based upon the finding of guilt, hereby finds that the following property is forfeitable pursuant to 18 U.S.C. § 2253:

1. One HP Pavilion model number zd7000, serial number CNF4190C5H;
2. One HP Media Center PC serial number MXK6070RHZ;
3. One WESTERN DIGITAL hard drive serial number WCANU1320215;
4. One HP monitor serial number CNK602111Y;
5. One COMPAQ PRESARIO laptop serial number CNF61215KN;
6. One FUJITSU hard drive serial number NN3LT3B14J3J;
7. One TOSHIBA Satellite laptop serial number 17187183K; and
8. One FUJITSU hard drive serial number NZ0MT712571D.

The Court further finds the following property forfeitable pursuant to 18 U.S.C. § 982(a)(2)(A):

1. Three Thousand One Hundred Dollars ($3,100.00) in United States currency, in that such sum represents proceeds received by the defendant as a result of the conduct charged in Count 4 of the Second Superseding Indictment.

A monetary forfeiture judgment is hereby entered for $3,100.00 in favor of the United States and against said defendant with respect to the $3,100.00 in United States currency as described above. The United States may, at its option, enforce this order as a forfeiture judgment with the ability to seek to forfeiture substitute assets; enforce this order as an ordinary monetary judgment in favor of the United States by any legal means; or enforce this order as a combination of the foregoing as long as the United States does not obtain double recovery in excess of the total amount of the judgment. The parties stipulate, and the Court finds, that as a result of the acts of the defendant, said $3,100.00 in United States currency cannot be located upon the exercise of due diligence, has been transferred or deposited with a third party, has been placed beyond the jurisdiction of the Court, and has been commingled with other property which cannot be divided without difficulty. The forfeiture of this sum of $3,100.00 is in addition to and separate from the forfeiture of the above-described computer equipment.

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to " publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of

perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall seize and reduce to his possession, if he has not already done so, the property described herein.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Carl A. Courtright, III at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Carl A. Courtright, III and shall be included in the Judgment imposed against said Defendant. Although this Order is a final order with respect to said Defendant, this Order may be later amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of any of the above property by filing notice of same with the Court.

**IT IS SO ORDERED.**

**Dated this 27th day of July, 2009.**

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**