IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 07-30179-DRH |
| | ) | |
| CARL ALBERT COURTRIGHT, III, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
WRIT OF CORAM NOBIS**

The United States of America, by and through Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Angela Scott, Assistant United States Attorney, hereby files its response to Defendant Carl Courtright's Pro Se Defendant's Writ of Error Coram Nobis to Further the Ends of Justice as follows:

**Procedural Background**

On March 9, 2009, a jury convicted the defendant of all counts contained within the Second Superseding Indictment which charged, in Count 1, Production of Child Pornography; in Counts 2 and 3, Possession of Child Pornography; in Count 4, Receipt of Child Pornography; and, in Count 5, Bank Fraud. Counts 1 through 4 also charged that the defendant had a prior qualifying conviction. On July 17, 2009, this Honorable Court sentenced the defendant to life plus 120 months' imprisonment, to run consecutively, on Count 1; 240 months' imprisonment on Counts 2 and 3, 480 months' imprisonment on Count 4, and 360 months' imprisonment on Count 5, all of the counts to run concurrently; for a total sentence of life plus 120 years' imprisonment; to be followed by a total term of supervised release of life. This Court also ordered the defendant to pay a fine of $1,500, restitution to Regions Bank for $3,100, and a special assessment in the

1

amount of $500.   Finally, this Court entered a preliminary order of forfeiture for the computer equipment used by the defendant in the commission of the offenses charged in Counts 1-3 of the Second Superseding Indictment.

The defendant appealed his sentence, arguing that evidence of a prior sexual assault was improperly admitted at trial and that certain jury instructions read to the jury were improper.   The Seventh Circuit affirmed the defendant's conviction and issued its mandate on April 20, 2011.

On October 4, 2013, the defendant filed a motion for correction of clerical error, alleging that this Honorable Court should remove certain language from the written judgment which required him to make payments toward his financial penalties while in prison in contrast, according to the defendant, to certain oral statements made by this Court at sentencing.   R. 185. This Court denied the motion on October 7, 2014, finding that there was no clerical error in the defendant's judgment.   R. 186.   On October 21, 2013, the defendant filed a Pro Se Defendant's Writ of Mandamus to Compel this Court to Exercise It's Legal Duty Under Law raising the same issue raised in document 185.   R. 187.   Again, on October 30, 2013, this Honorable Court denied the defendant's motion, holding that this motion was properly construed as a motion to reconsider, and that it was without jurisdiction to rule on the motion because there was no clerical error in the defendant's judgment.   R. 188.   On November 12, 2013, the defendant filed a notice of appeal, challenging this Court's rulings that there was no clerical error in his judgment.

Unwilling to give up on the issue before this Court, however, the defendant filed a Motion for Clarification of Sentence on November 18, 2013, again insisting that the written judgment was inconsistent with this Court's oral statements at sentencing, and therefore there was a clerical error in his judgment which required him to make payment towards his financial obligations while in prison instead of after his release.   R. 189.   That same day, the defendant filed the instant motion.

R. 190.   Also on that same date, November 18, 2013, this Court stayed the case until after the appeal was resolved, leaving both the Motion for Clarification of Sentence (R. 189) and the instant motion (R. 190) pending.   On September 22, 2014, the Seventh Circuit Court of Appeals issued its mandate which included its certified order affirming this Court's denial of the defendant's motion to correct sentence, finding that there was not a true clerical error because the written judgment controls when there is any type of ambiguity in the sentence pronounced from the bench. It also included an order denying the defendant's request for a petition for rehearing en banc.   On September 26, 2014, this Honorable Court denied the pending Motion for Clarification of Sentence.

On October 6, 2014, the defendant filed a Pro Se Defendant's Motion for Status Check of Docket #195, asking this Honorable Court to lift the stay on the remaining motion since the appeal of the defendant's motion to correct sentence had been resolved.   R. 210.   On October 7, 2014, this Honorable Court lifted the stay, granting the defendant's motion which it construed as a motion to reinstate.   That same day, this Court ordered the Government to respond to the Defendant's Pro Se Defendant's Writ of Error Coram Nobis to Further the Ends of Justice on or before October 29, 2014.

While this case was proceeding, the defendant filed a Motion to Vacate, Set Aside or Correct Sentence on October 9, 2012, in case number 12-1078-DRH, which he amended twice, finally filing a Second Amended Motion to Vacate, Set Aside or Correct Sentence ("§ 2255") on November 26, 2012.   The defendant's motion raised several claims of ineffective assistance of counsel against both his trial and appellate attorneys.   The Government responded on December 31, 2012.   On January 18, 2013, the defendant moved for this Court to recuse itself, arguing that, because of certain statements made by this Court at sentencing, this Court could not be fair and

impartial when ruling on his § 2255 motion.   This Court denied the motion on January 23, 2013,

holding that the statements it made at sentencing were made to explain the sentence imposed, and

were not said to display hatred or bias toward the defendant.   On January 28, 2013, the defendant

filed a second motion for recusal of this Honorable Court, again arguing that this Court was biased

against him.   This Court denied the motion that same day.   The defendant appealed the denial of

this Court's refusal to recuse himself from the case on February 11, 2013.   While the appeal was

pending, the defendant filed his reply to the Government's response on April 5, 2013.   On April

12, 2013, the Seventh Circuit issued a mandate dismissing the appeal.

On April 20, 2013, this Court denied the defendant's Second Amended Motion to Vacate,

Set Aside or Correct Sentence, finding all of his ineffective assistance of counsel claims meritless,

and dismissed his claims with prejudice ("Order").   This Court also denied the defendant a

certificate of appealability, and directed the Clerk to close the file and enter judgment accordingly.

The defendant appealed on December 2, 2013.   On October 23, 2014, the Appellate Court issued

a mandate that contained an order decided on September 9, 2014, in which the Court of Appeals

denied the defendant's request for a certificate of appealability, holding that there was no

substantial showing of the denial of a constitutional right.   The mandate also included an order

decided on October 15, 2014, in which the Court of Appeals denied the defendant's request for a

rehearing en banc.

## Legal Analysis

Courtright's Pro Se Defendant's Writ of Error Coram Nobis to Further the Ends of Justice

("Writ") relies on the All Writs Act, specifically the writ of coram nobis.   Title 28, United States

Code, Section 1651, the All Writs Act, provides that "[t]he Supreme Court and all courts

established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court held that the All Writs Act authorized federal courts to issue coram nobis relief to a defendant *who is no longer in custody*. 346 U.S. 502 (emphasis added). *See also Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002). Unfortunately for the defendant, "a petitioner cannot obtain coram nobis relief from the conviction and sentence giving rise to present custody." *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006). *See also Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("[W]rits in the nature of coram nobis are limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction." (emphasis in original))). Because the defendant is currently in custody, this type of relief is not available to him, and this writ of error coram nobis should be denied.

With respect to the issue of restitution, the defendant is correct that the Seventh Circuit approved the use of a writ of error coram nobis to challenge a restitution order based on inaccurate information even though one of the individuals was on probation, and therefore in custody. *United States v. Mischler*, 787 F.2d 240 (7th Cir. 1986). The Government notes that the Court of Appeals did so, in part, because this was the wife's only avenue of relief and because of the language in *Morgan*, 346 U.S. at 505, that "[i]n behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." 787 F.2d at n.1. In *Mischler*, the parties repeatedly objected to the determination of the restitution amount, and the Court of Appeals found that the district court relied on inaccurate information, did not determine the amount of damages with certainty, and did not provide the defendants an adequate opportunity to be heard on the subject, thereby abusing its discretion when imposing an inaccurate amount of restitution as

part of the defendants' sentences.   The Court of Appeals therefore vacated the sentences, and remanded it back to the district court.

In contrast, in *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007), the defendant, who was no longer in custody, filed a petition for a writ of error coram nobis objecting to the restitution imposed as part of his sentence because his pay was now being garnished.   The Court of Appeals noted that the writ of error coram nobis "retains vitality in criminal proceedings" but "is limited to (1) errors 'of the most fundamental character,' that render the proceeding invalid; (2) situations where there are sound reasons for the failure to seek earlier relief; and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody."   *Sloan*, 505 F.3d at 697 (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).   The Court of Appeals analyzed the defendant's claim under the third factor, *noting that the first two factors were inapplicable because the defendant did not object to restitution at the sentence hearing or seek relief earlier.   Id.* (emphasis added).

It is the Government's position that, if the Court were to decide this non-custodial, non-constitutional aspect of the defendant's sentence, as the Court of Appeals did in *Mischler*, it should find that none of the factors that allow relief under a properly filed writ of error coram nobis, which we do not have in this case, entitle the defendant to relief.   The third factor certainly does not apply because the defendant is in custody.   With respect to the first two factors, like the defendant in *Sloan*, the defendant never objected to the amount of restitution at sentencing, nor has he ever raised the issue of the amount of restitution on either of his direct appeals, even in the appeal in which he contends that there was a clerical error as to when he has to begin paying his financial obligations, or in his original § 2255 motion.   Moreover, there is no evidence that this Honorable Court relied on inaccurate information or failed to determine the amount of restitution

with certainty.   This is not a case where this Court "should act in doing justice if the record makes plain a right to relief," because the record does not make plain a right to relief.   *Morgan*, 346 U.S. at 505.   The defendant had ample opportunity to contest the amount of restitution, and failed to do so.   Therefore, this claim should also be denied.

The Government also notes that the defendant's Writ was filed on November 18, 2013, less than a month after this Court denied his § 2255 motion, and raises many of the same issues raised in that motion.   For example, the defendant complains in the writ that he received ineffective assistance of counsel because his lawyer gave him incorrect advice regarding his right to be arraigned on the second superseding indictment.   Writ, at 5-7.   In this Court's order denying the defendant's motion, this Court rejected this claim, finding that the defendant's lawyer was not ineffective for failing to have the defendant arraigned on the second superseding indictment because the defendant could not establish any harm from the failure to be arraigned.   Order, at 15-17.   Likewise, the defendant complains that the second superseding indictment was unconstitutionally vague because Counts 1-4 contained the language "including, but not limited to," which, according to defendant, "allowed an open-ended guilty verdict based on uncorroborated evidence."   Writ, at 8-9.   Again, this Court addressed and denied this claim when ruling on the defendant's § 2255 motion, holding that the plain language of the Second Superseding Indictment allowed the jury to consider files and file paths not specifically named in the Second Superseding Indictment that were found on the specifically named computers.   Order, at 18-20.

It appears from the substance of this "Writ" that the defendant is essentially trying to file a successive § 2255 motion disguised as a writ of error coram nobis.   As the Seventh Circuit has noted numerous times, however, "'the substance of a party's submission takes precedence over its

form.'"   *Guyton*, 453 F.3d at 426.   Thus, "'[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original)).   *See also Melton*, 359 F.3d at 857 ("Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis . . . the name makes no difference.   It is substance that controls."); *Godoski*, 304 F.3d at 764 (characterizing a writ of error coram nobis attacking the petitioner's conviction on constitutional grounds as a mislabeled § 2255 motion).   Because the defendant's Writ is, in actuality, a successive § 2255 Motion, this Court should dismiss the Writ not only because the defendant is in custody and therefore the Writ of Error Coram Nobis is not applicable to him, but also because the defendant is trying to file a successive § 2255 motion without having first obtained a certificate of appealability from the Seventh Circuit Court of Appeals, and therefore this Court has no jurisdiction to entertain this motion even if it were properly before this Court.   *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

WHEREFORE, the United States respectfully requests that this Honorable Court deny the

Pro Se Defendant's Writ of Error Coram Nobis to Further the Ends of Justice.


Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s/     *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois   62208
(618) 628-3700   Telephone
(618) 628-3730 Facsimile
E-mail: Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
        vs.                         )        CRIMINAL NO. 07-30179-DRH
                                    )
CARL ALBERT COURTRIGHT, III,        )
                                    )
                Defendant.          )

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, I caused to be electronically filed the

**Government's Response to the Pro Se Defendant's Writ of Error Coram Nobis to Further**

**the Ends of Justice** with the Clerk of Court using the CM/ECF system, and caused to be mailed by

the United States Postal Service to the following non-registered participant:

Carl Albert Courtright, III, BOP No. 07860-025
Inmate Mail/Parcels
USP-Tucson
P.O. Box 24550
Tucson, AZ   85734-4550

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s/     *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois   62208
(618) 628-3700   Telephone
(618) 628-3730 Facsimile
E-mail: Angela.Scott@usdoj.gov