## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**CARL A. COURTRIGHT, III,**

    **Defendant.**                    **No. 07-cr-30179-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Carl A. Courtright, III's, petition for writ of error coram nobis (Doc. 190) in which Courtright seeks to challenge his sentence and court ordered restitution and forfeiture. At the direction of the Court (Doc. 212), the government filed a response (Doc. 213). Based on the following, the Court denies the petition.

### I.    Background

On November 15, 2007, Carl Courtright, III was indicted for production and possession of child pornography (Doc. 1). A superseding indictment was returned against Courtright on September 17, 2008, additionally charging receipt of child pornography and bank fraud (Doc. 30). Following Courtright's arraignment on the superseding indictment (Doc. 36), Judge Gilbert granted Courtright's motion to continue trial and the government's oral motion to conduct Courtright's trial in East St. Louis. As the trial was to be conducted in East St.

Louis, Courtright's case was reassigned to the undersigned to preside over the remainder of court proceedings (Doc. 42).

A second superseding indictment was returned on February 18, 2009, adding an additional possession of child pornography charge against Courtright (Doc. 67). The Court denied Courtright's motion to reopen pretrial motions and continue trial (Doc. 78), and the case proceeded to trial on March 2, 2009.

On March 9, 2009, Courtright was convicted of each of the charges in the second superseding indictment. On July 17, 2009, the Court sentenced Courtright to life plus 120 months consecutive on Count 1, 240 months on Counts 2 and 3, 480 months on Count 4, and 360 months on Count 5, all such terms to run concurrently, for a total of life imprisonment, plus 120 months consecutively (Doc. 115). The sentence also imposed financial penalties that included a Special Assessment of $500, a $1500 fine, and $3100 in restitution which the Court anticipated Courtright would begin paying while in prison. This is further supported by Courtright's participation in the Inmate Financial Responsibility Program (IFRP). 28 C.F.R. § 545.11.

On July 23, 2009, Courtright filed a notice of appeal claiming that evidence of a prior sexual assault was erroneously admitted at trial and that certain jury instructions were improper (Doc. 117). On January 13, 2011, the Seventh Circuit affirmed Courtright's conviction in light of the "abundant evidence" of Courtright's guilt. *United States v. Courtright,* 632 F.3d 363, 372 (7th Cir. 2011). The Supreme Court denied Courtright's petition for writ of certiorari on October 3,

2011. 132 S. Ct. 296. Courtright followed by filing a petition to set vacate or set aside his conviction under 28 U.S.C. § 2255 on September 28, 2012. *Courtright v. United States,* Case No. 12-cv-1078-DRH. The Court denied the motion on October 30, 2013, which the Seventh Circuit later affirmed (*Id.* at Doc. 54).

Courtright responded by filing multiple motions to correct alleged clerical errors in his original judgment (Doc. 185, 187). The Court denied these motions and assured Courtright that no errors existed (Doc. 186). Naturally Courtright appealed both orders, but the Court of Appeals affirmed the decision of this Court and denied the petition for rehearing en banc (Doc. 208). As one final attempt to challenge the alleged discrepancy surrounding payment of his fine, restitution, and special assessment, Courtright filed a motion for clarification of sentence (Doc. 198). On the same day, Courtright also filed a writ of error coram nobis that was stayed pending appeal (Doc. 190). Upon resolution of the appeal, the stay was lifted (Doc. 211). The Court denied the request for a clarification order and reminded Courtright that he may appeal a decision concerning the IFRP procedures within the Bureau of Prisons (Doc. 209). The Court now addresses defendant's petition for writ of error coram nobis.

## II.   <u>Legal Analysis</u>

A writ of error coram nobis is traditionally brought to vacate a federal conviction where the sentence imposed has already been served. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Coram nobis is viewed as an extraordinary remedy that "should only be allowed under compelling

circumstances" to challenge a prior conviction. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *Howard v. United States,* 962 F.2d 651 (7th Cir. 1992). Coram nobis is not available to a prisoner currently incarcerated, but is "limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction." *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), as amended (Jan. 22, 2001) (citing *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir.1989)); *See also Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

In this case, Courtright is currently incarcerated and serving his life plus 120 month sentence for the crimes described above, therefore barring coram nobis relief.  In addition to not qualifying for coram nobis relief, Courtright's argument for reprieve from his sentence alleges that the second superseding indictment and orders of restitution and forfeiture were "unconstitutionally vague". However, he failed to raise either issue on direct appeal, both of which were available at that time. "Claims that could have been raised by direct appeal are outside the scope of writ of error coram nobis." *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988). Accordingly, Courtright's petition for writ of error coram nobis is denied.

Courtright's petition failed for an additional reason. Coram nobis may not be used to sidestep procedural requirements, such as the restraint on successive § 2255 petitions. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Courtright is incarcerated and fighting to overturn his conviction on constitutional

grounds. He filed the petition at issue, citing unconstitutionally vague court documents as his basis for relief, less than one month after the Court denied his § 2255.  "A post-conviction filing that fits the description of § 2255 is a motion under § 2255, and subject to its restrictions, no matter what the pleader says." *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002); see also *United States v. Evans*, 224 F.3d 670, 675 (7th Cir. 2000). Coram nobis relief is not available to Courtright, whose petition is clearly a second or successive § 2255 motion in disguise. Since the Court of Appeals has not authorized this Court to consider Courtright's second or successive § 2255 petition, the Court must dismiss the instant petition. *See Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996); Seventh Circuit Rule 22.2(a).

## III.   Conclusion

For the reasons set forth above, Courtright's petition for writ of error coram nobis is **DENIED** (Doc. 190).

**IT IS SO ORDERED.**

Signed this 17th day of November, 2014.

Digitally signed
by David R.
Herndon
Date: 2014.11.17
13:54:40 -06'00'

**District Judge**
**United States District Court**