IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 07-30179-DRH |
| | ) | |
| CARL A. COURTRIGHT, III., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PRO SE MOTION
PURSUANT TO THE WRIT OF AUDITA QUERELA TO SUSPEND THE
ENFORCEMET OF THE BELOW JUDGMENTS AGAINST THE
DEFENDANT**

The United States of America, by and through Donald S. Boyce, United States

Attorney for the Southern District of Illinois, and Angela Scott, Assistant United

States Attorney, hereby files its response to Defendant Carl Courtright's Pro Se

Motion Pursuant to the Writ of Audita Querela to Suspend the Enforcement of the

Below Judgments Against the Defendant as follows:

## **Procedural Background**

On March 9, 2009, a jury convicted the defendant of all counts contained within

the Second Superseding Indictment which charged, in Count 1, Production of Child

Pornography; in Counts 2 and 3, Possession of Child Pornography; in Count 4, Receipt

of Child Pornography; and, in Count 5, Bank Fraud.  R. 101.  Counts 1 through 4

also charged that the defendant had a prior qualifying conviction.  *Id.*  On July 17,

2009, this Honorable Court sentenced the defendant to life plus 120 months'

1

imprisonment, to run consecutively, on Count 1; 240 months' imprisonment on Counts 2 and 3; 480 months' imprisonment on Count 4; and 360 months' imprisonment on Count 5; all of the counts to run concurrently to Count 1; for a total sentence of life plus 120 years' imprisonment; to be followed by a lifetime term of supervised release.   R. 112.   This Court also ordered the defendant to pay a fine of $1,500, restitution to Regions Bank for $3,100, and a special assessment of $500.   *Id.*

The defendant appealed his sentence, arguing that evidence of a prior sexual assault was improperly admitted at trial and that certain jury instructions were improper.   R. 117.   The Seventh Circuit affirmed the defendant's conviction and issued its mandate on April 20, 2011.   R. 172.

On October 9, 2012, the defendant filed a Motion to Vacate, Set Aside or Correct Sentence, in case number 12-1078-DRH, which he amended twice, finally filing a Second Amended Motion to Vacate, Set Aside or Correct Sentence ("§ 2255") on November 26, 2012.   The defendant's motion raised several claims of ineffective assistance of counsel against both his trial and appellate attorney.   The Government responded on December 31, 2012.   On January 18, 2013, the defendant moved for this Court to recuse itself, arguing that, because of certain statements made by this Court at sentencing, this Court could not be fair and impartial when ruling on his § 2255 motion.   This Court denied the motion on January 23, 2013, holding that the statements it made at sentencing were made to explain the sentence it imposed, and were not said to display hatred or bias toward the defendant.   On January 28, 2013,

the defendant filed a second motion for recusal of this Honorable Court, again arguing that this Court was biased against him.  This Court denied the motion that same day.  The defendant appealed the denial of this Court's refusal to recuse himself from the case on February 11, 2013.  While the appeal was pending, the defendant filed his reply to the Government's response on April 5, 2013.  On April 12, 2013, the Seventh Circuit issued a mandate dismissing the appeal.

On April 20, 2013, this Court denied the defendant's Second Amended Motion to Vacate, Set Aside or Correct Sentence, finding all of his ineffective assistance of counsel claims meritless, and dismissed his claims with prejudice.  This Court also denied the defendant a certificate of appealability, and directed the Clerk to close the file and enter judgment accordingly.   The defendant appealed on December 2, 2013. On September 9, 2014, the Seventh Circuit Court of Appeals likewise denied the petitioner a certificate of appealability in case number 13-3668, finding that there had been no substantial showing of the denial of a constitutional right.   The mandate was issued on October 23, 2014.

On October 4, 2013, the defendant filed a Motion for Correction of Clerical Error, alleging that this Honorable Court should remove certain language from the written judgment which required him to make payments toward his financial penalties while in prison in contrast, according to the defendant, to certain oral statements made by this Court at sentencing.  R. 185.  This Court denied the motion on October 7, 2014, finding that there was no clerical error in the defendant's

judgment.   R. 186.   On October 21, 2013, the defendant filed a Pro Se Defendant's Writ of Mandamus to Compel this Court to Exercise It's Legal Duty Under Law raising the same issue raised in document 185.   R. 187.   Again, on October 30, 2013, this Honorable Court denied the defendant's motion, holding that this motion was properly construed as a motion to reconsider, and that it was without jurisdiction to rule on the motion because there was no clerical error in the defendant's judgment. R. 188.   On November 12, 2013, the defendant filed a notice of appeal, challenging this Court's rulings that there was no clerical error in his judgment.   R. 192.

Unwilling to give up on the issue before this Court, however, the defendant filed a Motion for Clarification of Sentence on November 18, 2013, again insisting that the written judgment was inconsistent with this Court's oral statements at sentencing, and therefore there was a clerical error in his judgment which required him to make payment towards his financial obligations while in prison instead of after his release.   R. 189.   That same day, the defendant filed a Defendant's Pro Se Defendant's Writ of Error Coram Nobis to Further the Ends of Justice.   R. 190.   Also on that same date, November 18, 2013, this Court stayed the case until after the appeal was resolved, leaving both the Motion for Clarification of Sentence (R. 189) and the Writ of Error Coram Nobis (R. 190) pending.   On September 22, 2014, the Seventh Circuit Court of Appeals issued its mandate which included its certified order affirming this Court's denial of the defendant's motion to correct sentence, finding that there was not a true clerical error because the written judgment controls

when there is any type of ambiguity in the sentence pronounced from the bench.   R. 208.   It also included an order denying the defendant's request for a petition for rehearing en banc.   *Id.*   On September 26, 2014, this Honorable Court denied the pending Motion for Clarification of Sentence.   R. 209.

On October 6, 2014, the defendant filed a Pro Se Defendant's Motion for Status Check of Docket, asking this Honorable Court to lift the stay on the remaining motion since the appeal of the defendant's motion to correct sentence had been resolved.   R. 210.   On October 7, 2014, this Honorable Court granted the defendant's motion, which it construed as a motion to reinstate, and lifted the stay.   R. 211.   That same day, this Court ordered the Government to respond to the defendant's Writ of Error Coram Nobis.   R. 212.

On November 17, 2014, this Honorable Court denied the Writ of Error Coram Nobis, construing it as an inappropriately filed second motion pursuant to 28 U.S.C. § 2255.   R. 215.   The Court of Appeals affirmed the decision on March 6, 2015, in case number 14-3690, and the mandate was issued on May 12, 2015.   R. 224.

On September 28, 2015, the defendant filed a motion for authorization to file a second or successive motion to vacate, set aside or correct sentence, asserting that he was entitled to relief under the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___; 135 S. Ct. 2551 (2015), and the Court of Appeals' decision in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).   On October 20, 2015, in case number 15-3153, the Seventh Circuit denied the petitioner's request, finding that *Johnson*

5

was inapplicable because the petitioner had not been sentenced under the Armed Career Criminal Act.

On April 11, 2016, the defendant filed a second motion for authorization to file a second or successive motion to vacate, set aside or correct sentence, raising, *inter alia*, a claim challenging his restitution and forfeiture orders.   On May 9, 2016, in case number 16-1794, the Court of Appeals denied the motion, finding that "*Johnson* in no way supports Courtright's proposed claims, and in any case he already asked the court for permission to seek relief under *Johnson* and, thus, § 2244(b)(1) bars authorization."   16-1794 Docket No. 6, at 1.   The Court of Appeals also noted that "Courtright's claims do not otherwise rely on anything new, which is required for authorization."   *Id.*   In addition, the Court of Appeals "caution[ed] Courtright that the submission of frivolous papers to this court may result in sanctions."   *Id.* at 2.

Despite this warning, on June 16, 2016, the defendant filed a third motion for authorization to file a second or successive § 2255 motion, attacking the calculation of his advisory guideline range.   The Court of Appeals denied the application in case number 16-2500 and sanctioned Courtright $500 for filing a frivolous document.   16-2500 Docket No. 7.   The Court of Appeals also held, *inter alia*, that, until Courtright paid that amount in full, "any papers he submits attacking his current criminal conviction, including future collateral attacks, will also be returned unfiled."   *Id.* at 2.

Undeterred, on April 17, 2017, the defendant filed a fourth motion for authorization to file a second or successive § 2255 motion, again challenging his

restitution and forfeiture orders, in case number 17-1796. On May 18, 2017, the case was administratively closed pursuant to the Court of Appeals' July 8, 2016, Order.

On May 12, 2017, the defendant filed a Pro Se Defendant's Motion Pursuant to the "All Writs Act" 28 U.S.C. § 1651; Writ of Audita Querela to Suspend the Enforcement of the Below Judgements Against the Defendant, attacking (1) his restitution and forfeiture orders, (2) this Court's jurisdiction to sentence him pursuant to Title 18, United States Code, Section 3559(e), and (3) the effectiveness of his appellate counsel for failing to raise the issue of the restitution and forfeiture issues on appeal. R. 229. Because it is clear from the substance of this motion that Courtright is simply trying to bring another Motion to Vacate, Set Aside, or Correct Sentence in the guise of this motion for a writ of audita querela, his motion should be denied. In addition, even if the motion was properly brought, Courtright is not entitled to relief pursuant to the writ of audita querela.

## Legal Analysis

Courtright's Pro Se Defendant's Motion Pursuant to the "All Writs Act" 28 U.S.C. § 1651; Writ of Audita Querela to Suspend the Enforcement of the Below Judgements Against the Defendant relies on the All Writs Act, located at Title 28, United States Code, Section 1651, specifically the writ of audita querela. Title 28, United States Code, Section 1651, the All Writs Act, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   The Seventh Circuit has noted that the writ of audita querela "has no apparent relevance to criminal sentences."   *Melton v. United States*, 359 F. 3d 855, 856 (7th Cir. 2004).   Rather, it is a remedy for judgment debtors, not criminal defendants.   *United States v. Kimberlin*, 675 F. 2d 866, 869 (7th Cir. 1982).   The writ cannot be used in place of a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.   *United States v. Johnson*, 962 F. 2d 579, 582 (7th Cir. 1992); *Kimberlin*, 675 F. 2d at 869.

Courtright filed this motion on May 12, 2017, while his fourth request for authorization to file a second or successive §2255 motion to challenge his restitution and forfeiture orders was pending in the Seventh Circuit in case number 17-1796. Shortly thereafter, on May 18, 2017, the Seventh Circuit case was administratively closed due to the Court of Appeals' July 8, 2016, Order in which it held that any papers Courtright submitted that attacked his current criminal conviction, including any future collateral attacks, would be returned unfiled.   Clearly, Courtright, based on the substance of this motion, realizing that his *fourth* request for authorization to file a second or successive § 2255 motion was not going to be granted, filed a motion with this Honorable Court instead, raising, again, the validity of his restitution and forfeiture orders as well as a claim that this Court lacked jurisdiction to sentence him pursuant to Title 18, United States Code, Section 3559(e) in an effort to avoid this requirement.   Courtright is simply trying to bring a second or successive § 2255

8

motion in this Court without having received permission from the Seventh Circuit to do so.

In a quote directly relevant to Courtright, who is simply trying to disguise a successive § 2255 motion as a motion for a writ of audita querela, the Seventh Circuit held in *Melton* that:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.   Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card: the name makes no difference.   It is substance that controls.

359 F.3d at 857 (internal quotations omitted) (emphasis in original).   Because Courtright has never received permission from the Seventh Circuit to file a second or successive § 2255 motion, this Court must dismiss Courtright's motion for lack of jurisdiction.   *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Moreoever, while the Seventh Circuit has held that relief under the writ might be possible if "necessary to plug a gap in the system of federal postconviction remedies," it added that "we own to some doubt, however, that such a gap exists, given the availability of section 2255 for defendants in federal custody and coram nobis for defendants no longer in federal custody."   *Kimberlin*, 675 F.2d at 869.   *See also Johnson*, 962 F.2d at 583 ("While we continue to question the extent of the viability of *audita querela* given the availability of *coram nobis* and 2255 . . . .").

9

Courtright has previously filed both a § 2255 motion and a coram nobis motion, both of which were denied.   In addition, he has had ample opportunities to petition the Court of Appeals to file a second or successive § 2255 motion.   Relief under the writ of audita querela is not available to him simply because his prior attempts to have these claims heard have been rebuked.   As the Seventh Circuit noted in *Johnson*, "[a]udita querela is not a wand which may be waved over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises *subsequent* to entry of the final judgment.   The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction."   962 F.2d at 582 (emphasis added).   *See also Kimberlin*, 675 F.2d at 869 ("Moreover, even if there were such a gap, it is very doubtful that audita querela would be the means to fill it. Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors."). Because Courtright has not alleged any defense that has arisen subsequent to the entry of his final judgment, but is simply rehashing arguments that he has made similarly in the past, and he is clearly not a judgment debtor, he is not entitled to relief pursuant to the writ of audita querela.

WHEREFORE, the Government respectfully requests that this Pro Se Motion Pursuant to the Writ of Audita Querela be denied.

Respectfully Submitted,

DONALD S. BOYCE
United States Attorney

s/ *Angela Scott*
ANGELA SCOTT
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, IL 62208
(618) 628-3700      Telephone
(618) 628-3730      Fax
E-mail:   angela.scott@usdoj.gov

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 07-30179-DRH |
| | ) | |
| CARL A. COURTRIGHT, III., | ) | |
| | ) | |
| Defendant. | ) | |

**PROOF OF SERVICE**

I hereby certify that on July 21, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served the person hereinafter named, at the place and address stated below, which is the last known address, by placing a copy of said document in a postpaid envelope addressed to the person and by depositing said envelope and contents in the United States Mail.

ADDRESS:

Carl Albert Courtright, III, BOP No. 07860-025
USP – Tucson
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ 85734-4550

Respectfully Submitted,

DONALD S. BOYCE
United States Attorney

s/ *Angela Scott*
ANGELA SCOTT
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, IL 62208
(618) 628-3700     Telephone
(618) 628-3730     Fax
E-mail:   angela.scott@usdoj.gov