# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**CARL A. COURTRIGHT, III,**

    **Defendant.**                                No. 07-cr-30179-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Carl A. Courtright, III's, motion to suspend enforcement of the judgment entered against him pursuant to the Writ of Audita Querela (Doc. 229), in which Courtright seeks to challenge his sentence, court ordered restitution and forfeiture, and the effectiveness of his appellate counsel. At the direction of the Court (Doc. 230), the government filed a response (Doc. 231). Based on the following, the Court denies the motion.

### I. Background

On November 15, 2007, Carl Courtright, III was indicted for production and possession of child pornography (Doc. 1). A superseding indictment was returned against Courtright on September 17, 2008, additionally charging receipt of child pornography and bank fraud (Doc. 30). Following Courtright's arraignment on the superseding indictment (Doc. 36), Judge Gilbert granted Courtright's motion to continue trial and the government's oral motion to conduct

Courtright's trial in East St. Louis. As the trial was to be conducted in East St. Louis, Courtright's case was reassigned to the undersigned to preside over the remainder of court proceedings (Doc. 42).

A second superseding indictment was returned on February 18, 2009, adding an additional possession of child pornography charge against Courtright (Doc. 67). The Court denied Courtright's motion to reopen pretrial motions and continue trial (Doc. 78), and the case proceeded to trial on March 2, 2009.

On March 9, 2009, Courtright was convicted of each of the charges in the second superseding indictment. On July 17, 2009, the Court sentenced Courtright to life plus 120 months consecutive on Count 1, 240 months on Counts 2 and 3, 480 months on Count 4, and 360 months on Count 5, all such terms to run concurrently, for a total of life imprisonment, plus 120 months consecutively (Doc. 115). The sentence also imposed financial penalties that included a Special Assessment of $500, a $1500 fine, and $3100 in restitution which the Court anticipated Courtright would begin paying while in prison. This is further supported by Courtright's participation in the Inmate Financial Responsibility Program (IFRP). 28 C.F.R. § 545.11.

On July 23, 2009, Courtright filed a notice of appeal claiming that evidence of a prior sexual assault was erroneously admitted at trial and that certain jury instructions were improper (Doc. 117). On January 13, 2011, the Seventh Circuit affirmed Courtright's conviction in light of the "abundant evidence" of Courtright's guilt. *United States v. Courtright,* 632 F.3d 363, 372 (7th Cir. 2011). The

Supreme Court denied Courtright's petition for writ of certiorari on October 3, 2011. 132 S. Ct. 296. On September 28, 2012, Courtright followed by filing a motion to vacate or set aside his conviction under 28 U.S.C. § 2255. *Courtright v. United States,* Case No. 12-cv-1078-DRH. The Court denied the motion on October 30, 2013, which the Seventh Circuit later affirmed (*Id.* at Doc. 54).

Courtright responded to the denial by filing motions to correct multiple alleged clerical errors in his original judgment (Doc. 185, 187). The Court denied these motions and assured Courtright that no errors existed (Doc. 186). Naturally, Courtright appealed both orders. The Court of Appeals affirmed this Court's orders, and denied the petition for rehearing en banc (Doc. 208).

In another attempt to challenge the alleged discrepancy surrounding payment of his fine, restitution, and special assessment, Courtright filed a motion for clarification of sentence (Doc. 198). On the same day, Courtright also filed a writ of error coram nobis that was stayed pending appeal (Doc. 190). Upon resolution of the appeal, the stay was lifted (Doc. 211). The Court denied the request for a clarification order and reminded Courtright that he may appeal a decision concerning the IFRP procedures within the Bureau of Prisons (Doc. 209). The Court also denied Courtright 's petition for writ of error coram nobis (Doc. 215).

In addition to the motions filed in his criminal case, in Courtright also filed a motion to vacate, set aside or correct Sentence, in case number 12-1078-DRH in 2012. The defendant's motion raised several claims of ineffective assistance of

counsel against both his trial and appellate attorney. This Court denied Courtright's §2255 on April 20, 2013, finding all of his ineffective assistance of counsel claims meritless, and dismissed his claims with prejudice.

Courtright continues to file repetitive motions attempting to file a second or successive § 2255 motion challenging his sentence, restitution, and forfeiture orders. In fact, the Court of Appeals warned Courtright that "the submission of frivolous papers to this court may result in sanctions. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997)." *Carl Courtright, III v. USA,* Appeal No. 16-1794 (Doc. 6).

Despite this warning, on June 16, 2016, the defendant filed a third motion for authorization to file a second or successive § 2255 motion, attacking the calculation of his advisory guideline range. The Court of Appeals denied the application and sanctioned Courtright $500 for filing a frivolous document. *Courtright v. USA,* Appeal No. 16-2500 (Doc. 7). The Court of Appeals also held, *inter alia*, that, until Courtright paid that amount in full, "any papers he submits attacking his current criminal conviction, including future collateral attacks, will also be returned unfiled." *Id*.

Undeterred, on April 17, 2017, the defendant filed a fourth motion for authorization to file a second or successive § 2255 motion, which was administratively closed pursuant to the Court of Appeals' July 8, 2016, Order. *Carl Courtright, III v. USA,* Appeal No. 17-1796.

Courtright filed the pending motion (Doc. 229) on May 12, 2017, while his fourth request for authorization to file a second or successive §2255 motion to challenge his restitution and forfeiture orders was pending before the Seventh Circuit. Specifically, the motion attacks: (1) his restitution and forfeiture orders, (2) this Court's jurisdiction to sentence him pursuant to Title 18, United States Code, Section 3559(e), and (3) the effectiveness of his appellate counsel for failing to raise the issue of the restitution and forfeiture issues on appeal (Doc. 229).

## II. Discussion

The Seventh Circuit has held that the writ of audita querela "has no apparent relevance to criminal sentences." *Melton v. United States*, 359 F. 3d 855, 856 (7th Cir. 2004). Rather, it is a remedy for judgment debtors, not criminal defendants. *United States v. Kimberlin*, 675 F. 2d 866, 869 (7th Cir. 1982). The writ cannot be used in place of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *United States v. Johnson*, 962 F. 2d 579, 582 (7th Cir. 1992); *Kimberlin*, 675 F. 2d at 869.

As the Seventh Circuit noted in *Johnson*, "[a]udita querela is not a wand which may be waved over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction." 962 F.2d at 582 (emphasis added). Because Courtright has not alleged any defense that arose subsequent to the entry of his

final judgment, and because he is clearly not a judgment debtor, he is not entitled to relief pursuant to the writ of audita querela.

It is clear that Courtright's motion pursuant to the writ of audita querela is clearly a successive § 2255 motion in disguise. The instant motion is founded on essentially the same issues that Courtright has raised multiple times when seeking permission to bring a successive § 2255. Since the Court of Appeals has not authorized this Court to consider Courtright's successive § 2255 petition, the Court must dismiss the instant petition for lack of jurisdiction. *See Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996); Seventh Circuit Rule 22.2(a).

As mentioned above, the Seventh Circuit has warned petitioner that his continued filing of claims that are clearly foreclosed or frivolous may subject him to sanctions pursuant to *Alexander.* See *Carl Courtright, III v. USA*, Appeal No. 16-1794 (Doc. 6). Undeterred by this warning, on June 16, 2016, Courtright filed yet another motion for authorization to file a successive § 2255 motion, and the Court of Appeals sanctioned him $500 for filing a frivolous document. *Courtright v. USA,* Appeal No. 16-2500 (Doc. 7). Again, undeterred by the sanctions from the Seventh Circuit, Courtright filed another successive § 2255— disguised as a motion pursuant to the Writ of Audita Querela—asserting claims that previous court rulings have clearly deemed foreclosed. Thus, this action is sanctionable under *Alexander.*

Courtright would do well to heed the previous warning issued by the Seventh Circuit, that "submission of frivolous papers to this court may result in

sanctions," and restrict his redundant filings in the future. Courtright has consumed more than his share of valuable judicial resources, not only in this Court, but in the Seventh Circuit Court of Appeals, with his repeated filings. Should Courtright file another successive § 2255 motion stated as such or in disguise in this Court, he shall be subject to sanctions pursuant to *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) and will be fined $500.

### III. Conclusion

For the reasons set forth above, Courtright's motion is **DENIED for lack of jurisdiction** (Doc. 229). Further, the Court cautions Courtright that any future submission of frivolous motions to this court will result in sanctions. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

**IT IS SO ORDERED.**

Signed this 11th day of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.11 17:08:06 -05'00'

**United States District Court Judge**