IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARL COURTRIGHT, III, <br><br> Defendant. | Case No. 3:07-CR-30179-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Carl Courtright, III's *pro se* Motion to Vacate Restitution and Forfeiture (Doc. 244), *pro se* Motion to Clarify (Doc. 245), and Motion to Provide Copy of Docket Sheet and Motion to Redact or Seal Case Information (Doc. 246). For the reasons set forth below, the motions are denied.

### MOTION TO VACATE RESTITUTION AND FORFEITURE AND MOTION TO CLARIFY

Courtright has raised the concerns found in his Motion to Vacate Restitution and Forfeiture and his Motion to Clarify in previous motions. In Courtright's Motion to Notify Court of Payments Made to Court as Ordered on July 17, 2009, he asked the Court to temporarily exempt him from forfeiture and restitution payments (Doc. 173). The Court denied the motion, noting that Courtright must utilize the administrative remedies available to him to address his current dissatisfaction with the Bureau of Prisons' administration of the Inmate Financial Responsibility Program (Doc. 176). Courtright moved to reconsider that order, outlining his qualms with the terms of his restitution and

forfeiture, arguing that he never received ill-gotten gains (Doc. 179). The motion was stricken because the Judgment in this case was entered on July 17, 2009, and therefore the motion was not timely (Doc. 180).

Similarly, Courtright filed a Motion for Correction of Clerical Error re 115 Judgment, in which he insists that there was an error in his judgment pertaining to his payment schedule (Doc. 185). The Court denied the motion, noting that Courtright's judgment is correct and that there was no clerical error (Doc. 186).

Courtright then raised the same issue in his Motion to Compel This Court to Exercise Its Legal Duty Under Law (Doc. 187). The motion was denied (Doc. 188). The Court reiterated that there is no clerical error in Courtright's judgment, and the Court is without jurisdiction to entertain Courtright's arguments (*Id.*).

Courtright again raised issues concerning the terms of his monetary penalties in his Motion for Clarification of Sentence re 112 Sentencing (Doc. 189). Again, the motion was denied (Doc. 209). The Court also reiterated that Courtright must direct his concerns to the Bureau of Prisons (*Id.*).

Courtright then filed a Notice of Writ of Error Coram Nobis to Further the Ends of Justice (Doc. 190). In this document, he again alleges that the bank suffered no loss and argues against his restitution and forfeiture (*Id.*). The Court denied the petition, stating that coram nobis relief is not available to Courtright (Doc. 215).

Courtright next filed a *pro se* Defendant's Motion Pursuant to the "All Writs Act" 28 U.S.C. 1651: Writ of Audita Querela to Suspend the Enforcement of the Below Judgments Against the Defendant, where he again challenged his court ordered

restitution and forfeiture (Doc. 229). The Court denied the motion for lack of jurisdiction (Doc. 233). Additionally, the Court cautioned Courtright that any future submission of frivolous motions to this Court will result in sanctions (*Id*.). Naturally, Courtright then filed a Motion for Reconsideration re 233 Order denying for lack of jurisdiction (Doc. 235). The motion was denied for lack of jurisdiction (Doc. 236).

This Court agrees with the previous decisions for the reasons outlined in the previous Orders. Additionally, in regard to Courtright's Motion to Clarify, this Court reiterates that "[c]ourts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation…" *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008).

Accordingly, the motions (Docs. 244, 245) are **DENIED**. Furthermore, this Court again cautions Courtright that submission of additional frivolous motions will result in the imposition of financial sanctions. *See United States v. Courtright*, No. 07-CR-30179-DRH, 2017 WL 3454451, at *3 (S.D. Ill. Aug. 11, 2017) (warning Courtright that the filing of another successive § 2255 will result in a $500 fine).

### MOTION TO PROVIDE COPY OF DOCKET SHEET & MOTION TO REDACT OR SEAL CASE INFORMATION

The Seventh Circuit Court of Appeals has taken a strict position regarding requests to seal documents from the public record, holding that documents should remain a part of the public record unless a statute or privilege justifies nondisclosure. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *Johnson v. UHS Midwest Ctr. for Youth & Families, LLC*, No. 2:13-CV-149-JTM-PRC, 2014 WL 4228114, at *1 (N.D. Ind. Aug. 20, 2014). "[T]he

public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public's interest in litigation can be overridden if a party demonstrates good cause for sealing the record or a part thereof. *Id*. Notwithstanding an agreement of parties to seal documents, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id*. Good cause may exist if the documents are sealed to maintain the confidentiality of trade secrets, privileged information, and other non-public financial and business information. *See id*. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Id*.

After considering Courtright's proposed redactions, the Court finds that he has not met his burden of demonstrating good cause for sealing or redacting the documents. Courtright does not explain how the information constitutes trade secrets or other privileged information that would harm him if disclosed publicly. Courtright has not explained how his need to keep this information protected outweighs the public's interest in the openness of these proceedings. Because Courtright has not explained how good cause exists to seal or redact the information, the Court finds he has not met his burden. The docket shall remain unsealed and unredacted.

Lastly, Courtright has not put forth any explanation as to why he should be provided with a free copy of the docket sheet. Courtright may inquire with the Clerk of Court to obtain a copy of the docket sheet for a fee paid in advance.

For these reasons, the Motion to Provide Copy of Docket Sheet & Motion to Redact or Seal Case Information (Doc. 246) is also **DENIED**.

**IT IS SO ORDERED.**

**DATED:** February 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**