IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CARL A. COURTRIGHT, III,<br><br>　　　　Defendant. | Case No. 3:07-CR-30179-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Defendant Carl Courtright sought habeas relief under 28 U.S.C. § 2241, through the saving clause in 18 U.S.C. § 2255(e), in the United States District Court for the District of Arizona in 2018. (*See* Doc. 265). The district court initially denied Courtright's petition, but on appeal, the Ninth Circuit Court of Appeals determined that Courtright was entitled to relief for his wrongful sentence to life in prison pursuant to 18 U.S.C. § 3559(e) based upon his prior Illinois conviction for aggravated child sexual abuse. (*Id.*); *see also Courtright v. Von Blanckensee*, No. 20-15473, 2022 WL 522106 (9th Cir. Feb. 22, 2022). On remand, the district court granted the petition, entered judgment, and transferred the case to this Court for resentencing (as the original sentencing court). (*Id.*).

　　The Government now moves to dismiss the transferred habeas matter for lack of jurisdiction and to vacate the sentencing hearing. (Doc. 273). Courtright opposes the motion and urges the Court to proceed with resentencing or to transfer the case back to the District of Arizona for further proceedings. (Doc. 275).

## BACKGROUND

In 2009, a jury convicted Courtright for production of child pornography by a repeat offender and registered sex offender (Count 1), possession of child pornography by a repeat offender (Counts 2 and 3), receipt of child pornography (Count 4), and bank fraud (Count 5). (Docs. 101, 115). Now-retired Judge David R. Herndon sentenced Courtright to a life sentence plus a consecutive 120 months' imprisonment on Count 1, 240 months on Counts 2 and 3, 480 months on Count 4, and 360 months on Count 5, all to run concurrently. (Doc. 115). In total, Courtright's sentence amounted to life imprisonment plus 120 months consecutively. (*Id.*). Judge Herndon imposed the life sentence under 18 U.S.C. § 3559(e), a mandatory life imprisonment enhancement for repeated sex offenses against children based on Courtright's prior Illinois state conviction for aggravated child sexual abuse. (*Id.*). The Seventh Circuit Court of Appeals upheld the convictions on direct appeal. *See United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011), *cert. denied*, 565 U.S. 901 (2011).

After his direct appeal resolved, Courtright filed a motion under 28 U.S.C. § 2255, which was denied. *See Courtright v. United States*, No. 3:12-cv-01078-DRH (S.D. Ill. Oct. 30, 2013). No certificate of appealability issued. *Id.* In 2017, Courtright filed an application to file a second or successive motion under § 2255 raising several arguments, one of which related to his innocence under 18 U.S.C. § 3559(e). The Seventh Circuit denied and administratively closed that application due to Courtright's restricted filer status. *Courtright v. United States,* No. 17-1796 (7th Cir. May 18, 2017).

Courtright then filed a petition under 28 U.S.C. § 2241 in the District of Arizona, where he was incarcerated. Initially, the District of Arizona denied Courtright's petition

deciding that innocence of a sentencing enhancement did not satisfy the actual innocence prong in the "escape hatch" in § 2255(e) to file a petition under § 2241. *See Courtright*, No. 20-15473, 2022 WL 522106, at *1. But on appeal, the Ninth Circuit determined that Courtright's claim of actual innocence of his mandatory life sentence enhancement met the requirements of the saving clause in § 2255(e) to file a petition under § 2241. *Id.* at *1-2. On the merits of his claims, the Ninth Circuit found that the elements of Courtright's prior state conviction for child sexual abuse did not categorically match any federal sex offense listed in § 3559(e) applying the framework in *Mathis v. United States,* 579 U.S. 500 (2016). Thus, the Ninth Circuit held that Courtright was actually innocent of the sentencing enhancement and was entitled to resentencing without its application. *Courtright*, No. 20-15473, 2022 WL 522106, at *2-3. On remand, the Arizona district court partially granted Courtright's writ under § 2241 and transferred the matter to this Court for resentencing related to the previously imposed sentencing enhancement under § 3559(e). Courtright's writ was granted on May 30, 2023.

Weeks later, on June 22, 2023, the United States Supreme Court rendered a decision in *Jones v. Hendrix,* 599 U.S. 465 (2023). In *Jones*, the Supreme Court held that § 2255(e)'s saving clause does not authorize a habeas petition under § 2241 for an intervening change or more favorable interpretation of statutory law. *Jones*, 599 U.S. at 478-79. Put another way, habeas petitioners cannot end-run the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") restriction on second or successive § 2255 motions by filing a § 2241 habeas petition unless they rely on the exceptions outlined in § 2255(h) (newly discovered evidence demonstrating innocence or a new rule of constitutional law). *Id.*

In light of this decision, the Government now argues that resentencing should be vacated, and Courtright's transferred habeas petition should be dismissed for lack of jurisdiction. (Doc. 273). Primarily, the Government argues that, under *Jones*, Courtright is not entitled to relief because his § 2241 petition was based on statutory interpretation rather than new evidence or a new rule of constitutional law, and this Court lacks any jurisdiction to act. (*Id.*). In opposition, Courtright argues that he was already granted relief before the *Jones* decision, and now the Government is attempting to relitigate a substantive issue which was permissibly decided before *Jones*. (Doc. 275).

## DISCUSSION

The Government asserts that no federal district court, including this Court, has subject matter jurisdiction over saving clause petitions like Courtright's after the Supreme Court's ruling in *Jones.* As this matter stems from Courtright's saving clause petition, the Government argues that the Court lacks subject matter jurisdiction and cannot take any substantive action, including resentencing. Moreover, although this civil habeas matter has been transferred to Courtright's criminal case for resentencing, the Government urges that the Court is effectively handling a civil matter because the habeas petition has no final disposition until after resentencing. Even though this Court is not responsible for the merits of Courtright's already-successful habeas petition, the Government avers that *Jones* applies in equal force and effect, because now Courtright's petition would be barred as a successive petition not redeemed by § 2255(e)'s saving clause, and this Court lacks jurisdiction to hear it in any manner.

Alternatively, Courtright argues that the Court would not be exercising jurisdiction

over his habeas proceeding, rather, his petition has already been granted. Now, according to Courtright, the Court is exercising jurisdiction over his criminal case, which is proper under 18 U.S.C. § 3231. While the Government points to several cases where habeas petitions have been dismissed after the decision in *Jones*, Courtright highlights that those petitions were still under review on their merits and had not already been granted. Courtright further contends that the Government's request to dismiss or vacate the habeas petition should have been filed in the Arizona district court case, and the Government waived any claim to dismissal by failing to seek a stay in the original habeas proceeding pending the *Jones* decision. If this Court declines to resentence Courtright, he asks that the matter be transferred back to the District Court of Arizona for further proceeding.

Here, the Court acknowledges, as do both parties, that the timing and posture of Courtright's habeas proceeding is unusual. If *Jones* applies, as the Government argues, Courtright undoubtedly sits in an odd position—he has been granted relief, but his remedy was not carried out before *Jones*. Prior to *Jones*, in the circuits that allowed statutory interpretation cases to pass through the gateway provided in § 2255(e), many prisoners were granted relief and resentenced based on changes in statutory law or interpretation. Those successful habeas petitions and subsequently revised sentences are unaffected in light of *Jones*. But Courtright, who received the same relief before *Jones*, but had not received a determination as to his remedy, could have his once-successful habeas petition rendered null. This puts Courtright in a purgatory of sorts, where judgment was entered granting relief in his favor that he cannot receive. This is a bizarre result. Further, if the Arizona district court chose discharge as a remedy, as opposed to resentencing, Courtright

would have received that remedy before the decision in *Jones* and would not be subject to the revocation of that remedy now.

When the District of Arizona granted Courtright's petition, his sentence was effectively vacated and set aside,[1] prior to the Supreme Court's decision in *Jones*. His habeas petition is no longer pending, his habeas case has been closed, and judgment has been entered. The Court agrees with the Government that if it were deciding the merits of Courtright's habeas petition today, it would lack jurisdiction to do so under *Jones*. But that task is not before the Court. To be clear, this Court is not deciding whether to grant relief based on a § 2241 habeas petition raised under the saving clause in § 2255(e). Relief has already been granted. This Court now proceeds with the remedy phase after Courtright's successful habeas petition.

The Government's argument invoking *Jones* is a red herring. The Court disagrees that its jurisdiction in this matter arises under 18 U.S.C. § 3231, as Courtright states. Instead, jurisdiction to resentence a successful habeas petitioner does carry under § 2255.[2] To the Government's point, the holding in *Jones* certainly bars this Court from *deciding* a § 2241 habeas petition via § 2255(e)'s saving clause pursuant to statutory claims. *See also Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) ("*Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners" seeking to collaterally attack their

---

[1] *See* 28 U.S.C. § 2255(b) (Once the court finds the petitioner is entitled to relief, "**the court shall vacate and set the judgment aside** and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." (emphasis added)).

[2] *See* 28 U.S.C. § 2255(b) (Once the court finds the petitioner is entitled to relief, "the court shall vacate and set the judgment aside **and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate**." (emphasis added)).

sentence through § 2255(e)'s saving clause for statutory-based claims.). Nevertheless, the Court is not engaging in such activity here. The Court is simply effecting the remedy of an already granted and no longer pending habeas petition. The Court finds that *Jones* does not restrict that effort despite the Court's source of jurisdiction in this matter.

## CONCLUSION

The Government's Motion to Dismiss (Doc. 273) is **DENIED**. As such, the Court will set this case for resentencing by separate order, allowing enough time for the parties and the Probation Office to adequately prepare.

**IT IS SO ORDERED.**

DATED:  May 30, 2024

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**